IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| JONATHAN MICHAEL ESSARY § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No.: 2:20-cv-197 |
| § | |
| § | |
| HOLSTEIN SUPPLY KANSAS, § | |
| INC., HOLSTEIN SUPPLY, INC., § | |
| and KREG WELCH § | |
| § | |
| Defendants. § | |

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Jonathan Michael Essary ("Plaintiff"), by and through his attorneys Jeremi K. Young of Young & Newsom, PC, and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint ("Complaint") against Defendants Holstein Supply Kansas, Inc., Holstein Supply, Inc., and Kreg Welch (collectively "Defendant" or "Defendants"), does state and allege as follows:

### I.   PRELIMINARY STATEMENTS

1. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees, as a result of Defendant's commonly applied policy and practice of failing to pay Plaintiff a lawful minimum wage and overtime wage as required by the FLSA.

## II. JURISDICTION AND VENUE

2. The United States District Court for the Northern District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3. Defendant conducts business within the State of Texas.

4. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Texas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Texas.

5. Plaintiff was employed by Defendant to provide services for Defendant in Amarillo. Therefore, the acts alleged in this Complaint had their principal effect within the Amarillo Division of the Northern District of Texas, and venue is proper pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

6. Plaintiff is an individual and resident and domiciliary of Potter County.

7. Separate Defendant Holstein Supply Kansas, Inc. ("Holstein-Kansas"), is a Kansas, for-profit corporation.

8. Upon reasonable information and belief, Holstein-Kansas is not registered to do business in Texas.

9. Holstein-Kansas' registered agent for service of process in Kansas is Roy Baker, at 409 East Highway 50, Syracuse, Kansas 67878.

10. Separate Defendant Holstein Supply, Inc. ("Holstein"), is a foreign, for-profit corporation.

11. Holstein's registered agent for service of process is Kreg A. Welch, at 600 South Twichell Avenue, Post Office Box 1300, Dumas, Texas 79029.

12. Separate Defendant Kreg Welch ("Welch") is an individual and resident of Texas.

13. Defendants maintain a website at https://www.holsteinsupplyinc.com/.

### IV.    FACTUAL ALLEGATIONS

14. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

15. Welch is the owner, principal, officer and/or director of Holstein-Kansas and Holstein.

16. Welch manages and controls the day-to-day operations of Holstein-Kansas and Holstein, including but not limited to the decision to not pay Plaintiff for all hours worked, nor a sufficient premium for hours worked in excess of forty (40) per week.

17. Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies and set schedules for their employees through unified management.

18. Upon information and belief, the revenue generated from Holstein-Kansas and Holstein was merged and managed in a unified manner.

19. As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policies, Defendants operated as a single enterprise.

20. Defendants are full-service dealers of dairy equipment and replacement parts, and deliver equipment to farms throughout Texas and Kansas.

21. Each Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

22. During each of the three years preceding the filing of this Complaint, Defendants had at least two employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce.

23. Each Defendant was, at all times relevant herein, Plaintiff's employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

24. Each Defendant employed Plaintiff and had the power to supervise, hire, fire and discipline Plaintiff, and the power to set the schedule and conditions of Plaintiff's work, including the creation and maintenance of the pay policies applicable to Plaintiff.

25. Plaintiff worked for Defendants in Amarillo within the three years preceding the filing of this complaint.

26. At all times material herein, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA.

27. Plaintiff worked for Defendants from approximately March of 2020 to the present.

28. Plaintiff was primarily responsible for delivering equipment to farms, which consists of loading the truck with supplies and traveling from farm to farm, picking up parts and unloading the truck.

29. Throughout Plaintiff's employment, Defendants classified Plaintiff as non-exempt from the FLSA and paid him an hourly rate.

30. Plaintiff regularly worked more than forty (40) hours in a single workweek.

31. It was Defendants' commonly applied practice not to pay Plaintiff for all the hours during which he performed work for Defendants.

32. Plaintiff was not paid for the time he spent loading and unloading his truck at the beginning and end of the day, totaling approximately one hour.

33. When paying Plaintiff for drive time, Defendants estimated how long it would take Plaintiff to drive to a farm, and then paid him for the estimate rather than the time it actually took him. Defendants' estimate did not take into account time spent in traffic jams, stops for gasoline or time spent picking up parts, all of which extended the actual drive time beyond Defendant's estimate.

34. Defendants' estimate of drive-time was too low at least 75% of the time.

35. Defendants frequently shaved hours off of Plaintiff's timecard, especially when Plaintiff was working on a "bid job," which was a job Defendants had obtained by bid, which provided extra motivation for Defendants to stay below a certain cost point.

36. Plaintiff worked on bid jobs approximately half the time.

37. As a result of these policies and practices, Defendants failed to pay Plaintiff a proper overtime premium for all of hours in excess of forty (40) hours in a week.

38. At all relevant times herein, Defendants failed to accurately record all of the time worked off-the-clock by Plaintiff and failed to properly compensate all of the off-the-clock hours.

39. Defendants knew or should have known that the job duties of Plaintiff required Plaintiff to work hours in excess of his recorded hours, yet Defendants failed and refused to compensate Plaintiff for his work as required by the FLSA.

40. At all times relevant hereto, Defendants were aware of the minimum wage and overtime requirements of the FLSA.

## V. CAUSE OF ACTION—VIOLATION OF THE FLSA

41. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

42. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

43. At all relevant times, each Defendant has been, and continues to be, an "employer" of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203.

44. 29 U.S.C. § 207 requires employers to pay 1.5x the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

45. Defendants classified Plaintiff as non-exempt from the requirements of the FLSA.

46. Defendants failed to pay Plaintiff for all hours worked.

47. Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendants failed to pay Plaintiff an overtime rate of one and one-half times his regular rate of pay for all hours worked over forty (40) in each one-week period.

48. Defendants willfully failed to pay overtime wages to Plaintiff.

49. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VI. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Jonathan Michael Essary respectfully prays for declaratory relief and damages as follows:

A. That each Defendant be summoned to appear and answer herein;

B. That Defendants be required to account to Plaintiff and the Court for all of the hours worked by Plaintiff and all monies paid to him;

C. A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.;*

D. Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.;*

E. Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and putative collective members during the applicable statutory period;

F. An order directing Defendants to pay Plaintiff prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

G. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**JONATHAN MICHAEL ESSARY, PLAINTIFF**

YOUNG & NEWSOM, PC
1001 South Harrison, Suite 200
Amarillo, Texas 79101
Telephone: (806) 331-1800
Facsimile: (806) 398-9095

*/s/ Jeremi K. Young*
Jeremi K. Young
Tex. Bar No. 24013793
jyoung@youngfirm.com

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com